Dear Mrs. Bierdeman-Fike:
It is our understanding that the Board of Trustees of the Missouri State Employees' Retirement System has requested an opinion of this office which we paraphrase as follows:
 Under Section 104.310 does `compensation' include salary received for accrued annual leave if the payment for such leave is authorized on the same payroll which authorizes payment for the last month, or portion thereof, of active service? In this regard please note that regular payroll checks are dated and normally received by employees prior to the end of the last working day of each month.
 If the timing of payment for accrued annual leave makes a difference in eligibility of such payment to be considered as `compensation' for purposes of retirement, may the Board enact rules requiring a consistent approach in all state agencies whereby accrued leave is paid on a supplemental payroll submitted after the date of retirement?
We will first consider your first question as to the issue of "compensation". Previously, subsection 9 of § 104.310, RSMo 1969, provided as follows:
 `Compensation', all salary and wages payable out of any state, federal, trust, or other funds to an employee for personal services performed for the state:
The phrase "average compensation" was defined in subsection 6 of § 104.310, RSMo 1969, in part as follows:
 `Average compensation', the average annual compensation paid to a member for the five consecutive years of service prior to retirement when his compensation was greatest; or if the member had less than five consecutive years of service, the average annual compensation paid to the member during the entire period of this service; provided, that any compensation paid which enters into total compensation shall not exceed fifteen thousand dollars per annum if paid after October 13, 1967, or seven thousand five hundred dollars if paid prior to October 13, 1967;
Lastly, subsection 10 of § 104.310, RSMo 1969, defined "creditable service" as the sum of both membership service and creditable prior service. Subsection 1 of § 104.350, RSMo 1969, indicated that the phrase "year of service" as used herein shall refer to a period of twelve months during which time a member shall have performed creditable service as an employee of a department.
In 1972, Senate Bill No. 548 repealed § 104.310, along with other sections relating to the Missouri State Employees' Retirement System, and enacted a new § 104.310 relating to the same subject matter. See Laws of Missouri, 1972, p. 630. As a result, the term "compensation" as now defined in § 104.310, and as amended by House Committee Substitute for House Bills Nos. 835, 53, 591 and 830 of the 81st General Assembly, which became effective on May 12, 1981, provides as follows:
 `Compensation', all salary and wages payable out of any state, federal, trust, or other funds to an employee for personal services performed for the state, except amounts paid for overtime, and amounts received as salary or wages payable in lieu of annual leave and sick leave after the member's retirement;
In addition, the phrase "average compensation" is now defined in § 104.310, as amended, as follows:
 `Average compensation', the average compensation of a member for the three consecutive years of service prior to retirement when the member's compensation was greatest;
It should be noted that the phrases "creditable service", and "year of service" were not substantially changed by the new legislation.
With the above legislative history in mind, it is clear that with the exception of services performed by a retiree as a consultant, a member of the Retirement System is either an employee or retiree, but not both at the same time. Therefore, it is our view that if the employee does not use his accrued annual leave while he is an employee and accrued annual leave is paid as a lump sum on the payroll for the employee's last month of work, the accrued annual leave is excluded from calculations of average final compensation and creditable service. Retirement benefits then commence the day after the last day worked.
In view of our answer to your first question, we do not believe that an answer to your second question is necessary.
CONCLUSION
It is the opinion of this office that under §§ 104.310, etseq., as amended by House Committee Substitute for House Bills Nos. 835, 53, 591 and 830 of the 81st General Assembly, if the employee does not use his accrued annual leave while he is an employee, and accrued annual leave is paid as a lump sum on the payroll for the employee's last month of work, the accrued annual leave is excluded from calculations of average final compensation and creditable service. Retirement benefits then commence the day after the last day worked.
The foregoing opinion, which I hereby approved, was prepared by my Assistant, B. J. Jones.
Very truly yours,
 JOHN ASHCROFT Attorney General